Sherman, P.J.
In this companion case, plaintiff John T. Woodhouse (“Woodhouse”) claims to have sustained damages as a result of the negligent manner in which defendant KMG Main Hurdman, Inc. (“KMG”) provided accounting services to the coiporation by which the plaintiff was employed, thereby inducing him to purchase controlling interest in said corporation, Hood Sailmakers, Inc. (“Hood”). Woodhouse subsequently became president of said corporation.
Woodhouse claims to be aggrieved by the court’s denial of his Rule 60 motion for relief from a judgment of dismissal and by the court’s order on Woodhouse’s motion for clarification of the court’s Rule 60 ruling.
On April 19,1989, KMG served a request for production of documents upon the plaintiff, receipt of which is not in dispute. It is noteworthy that KMG’s answer had not been filed until April 12,1989.
Woodhouse failed to respond to KMG’s motion to produce documents and thereafter, KMGbroughtamotionto compel production on September 1,1989. Said motion was allowed, a 30 day order was entered and costs were assessed against Woodhouse as a sanction in the amount of $300.00. It should be noted that the motion was allowed and costs imposed by a judge other than that judge whose rulings and orders are the subject of this appeal.
If a parly fails to respond to a motion for the production of documents under Dist / Mun. R. Civ. P., Rule 34, the discovering party may move for an order compelling production in accordance with the request If the motion is granted, the court may, after opportunity for hearing, require the party whose conduct necessitated the motion or the party or attorney advising such conduct, or both of them, to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition was substantially justified or that other circumstances make an award of expenses unjust Dist./Mun. R. Civ. P., Rule 37 (a) (2) and (4). Woodhouse has not appealed the imposition by the first judge of $300.00 in costs.
Thereafter, KMG scheduled a motion to dismiss the complaint against it on the *60 grounds that no documents had been produced. Said motion was allowed, after hearing, on October 5,1989.
Subsequently, the documents were delivered to KMG and thereafter, on November 10,1989, the plaintiff scheduled a motion for relief from the judgment of dismissal. The following findings, memorandum and order with respect to said motion were issued on November 14,1989:
The plaintiff brought this action alleging that the defendant accounting firm made errors in its work for a corporation which the plaintiff purchased in reliance on those errors. Defendant filed an amended request for production of documents directed specifically to the allegations of the plaintiff. Five months later, after the plaintiff had failed to respond, after a court order to provide the documents and imposition of financial sanctions, the plaintiff had stillfailed to produce the requested documents. On October 6,1989, this action was dismissed on motion of the defendant pursuant to Rule 37(b)(2)(C). Plaintiff has brought this motion for relief from that order. Documents were still not produced until the day before the hearing on the motion to dismiss.
The materials requested were such that they would have had to have been available at the time this action was brought, assuming that this action was brought in good faith. It is not necessary in any event that the failure to produce be willful. Roxse Homes Limited Partnership v. Roxse Homes, Inc., 399 Mass. 401 (1987).
The plaintiff’s failure was nota technical one involving just a few day s. Lesser sanctions of attorney’s fees have been imposed by the court and did not result in compliance. Plaintiff’s attitude is demonstrated in its opposition to defendant’s motion for judgment in which plaintiff euphemistically describes its conduct as ‘somewhat lax.’ The most accurate statement in that document is the assertion that The court’s time has been wasted too much already.’
I am somewhat skeptical that the assertions in this action are made for any purpose other than to delay payment of money owed in a companion case. I will give the plaintiff an opportunity to accept an alternate sanction in the event that I am mistaken.
ORDER
The judgment of dismissal entered on October 6,1989 stands. This motion is scheduled for further hearing on Friday, December 15,1989 at 9 o’clock AM.
If, by that time the plaintiff (1) pays $2,500.00 in costs to the clerk and (2) files proof of payment to the plaintiff of both the $300.00 already assessed and an additional $500.00,1 will allow the motion and vacate the judgment of dismissal.
If not, the motion will be denied.
Woodhouse then filed a motion for clarification asking whether the payments ordered by the court had to be made pending the Rule 64 report of this case.
By memorandum dated December 11,1989, the corn! ruled:
My order requires no clarification. I would not exercise my discretion to allow the motion except upon what I consider ‘such terms as are just’ Dist/ Mun. Cts.R. Civ. P., Rule 60(b). My order stands. I will, however, on a motion for reconsideration, filed and heard within 30 days of a decision of the Appellate Division, vacate the judgment upon the terms of my 11/14/89 order and payment of KMG’s legal fees for the appeal.
Woodhouse did not make any payments by December 15,1989 as required by the November 14,1989 court order, and his motion for relief from the order of dismissal was denied, from which action Woodhouse now claims to be aggrieved.
The judge correctly ruled that it was not necessary, in evaluating the conduct of the parties, to find that the failure to produce the documents in question was willful. Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401 (1987). There are factors to consider in determining whether a trial judge abused his discretion by granting or denying a motion for a judgment of dismissal. These include the justice of the *61 judgment and the relative fault of the parties. Greenleaf v. Mass. Bay Transp. Auth., 22 Mass. App. Ct.( 426 (1986). In the case of a default or a dismissal for failure to make discovery, a balance must be struck between giving a party his day in court and enforcing discovery rules. In light of the other, available alternatives which the judge utilized, the additional sanction of dismissal was inappropriate herein.
While the imposition of sanctions is normally considered to be one within the sound discretion of the court, Dist./Mun. Cts. R. Civ. P., Rule 37 (a) sets forth the limitations to be considered by a judge in the award of expense sanctions. These include the reasonable expenses incurred in obtaining the order for production of documents, of which attorney’s fees are a component part
Nothing in the record before us indicates the basis or reasonableness of the imposition of $2,500.00 in non-refundable costs payable to the Clerk of Court. Moreover, the court’s December 11,1989 memorandum suggests that such costs would be imposed regardless of the result of this appeal, and that additional, punitive costs of the appeal itself would be added. Such order cannot stand, and is hereby stricken from the record.
However, in view of the specific findings made by the court, it may be reasonably inferred that the assessment of $500.00 payable to the defendant could be considered a reasonable expense together with attorney’s fees incurred in connection with the motion. Based on the court’s findings, we hold that there was no abuse of discretion in the court's order nisi imposing costs of $500.00.
This case is returned to the trial court for the vacating of the judgment of dismissal in accordance with this opinion upon Woodhouse’s payment of the costs of $300.00 and $500.00which had been assessed. There shall be no requirementfor the payment of the additional $2,500.00, and the court’s orderfor the same is hereby vacated. This case is to be restored to the trial list and is returned, in view of the court’s order of December 11,1989, for trial before another judge. So ordered.